UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| MATTHEW R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 18-006-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES A. DALEY | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Matthew R. Martin is an inmate confined at the Campbell County Detention Center ("CCDC") located in Newport, Kentucky. Proceeding without an attorney, Martin has filed a civil rights complaint against prison officials pursuant to 42 U.S.C. § 1983. [R. 3] By separate order, the Court conducted a preliminary review of Martin's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and dismissed all but Martin's claim against Defendant James A. Daley alleging that the quantity and nutritional content of the food served at the CCDC is insufficient. [R. 12] [1]

Daley has now filed a motion for summary judgment pursuant to Fed. R. Civ. Pro. 56 [R. 19], asserting that Daley is entitled to judgment as a matter of law because Martin failed to exhaust his available administrative remedies prior to filing his lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), *et seq*. The time period for filing a response to this motion has now expired, and no response has been filed by Martin. Thus, this matter is ripe for review.

---

[1] In the complaint, Daley's name is spelled "Daily." [R. 3] However, in pleadings filed by Daley, his name is spelled "Daley." [R. 18, 19] In these circumstances, the Court will defer to the spelling used by Daley.

-1-

**I.**

Martin's complaint alleges that the portions of food served at the CCDC are inadequate. [R. 3 at p. 3] Specifically, he alleges that there are under 800 calories on each tray and inmates are limited to about 1500 calories per day. [R. 3 at p. 3] He claims that he has lost approximately 17 pounds since he arrived at CCDC on August 13, 2017. [*Id.*]

Martin seeks to bring his claim in this action pursuant to 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Although Martin does not specify the basis for his claim, the Court construes his claim broadly to allege that the inadequate food portions violate the Eighth Amendment's prohibition against cruel and unusual punishment.

In response, Daley has filed a motion seeking summary judgment on Martin's claim regarding the quantity of food served at the CCDC because Martin failed to exhaust his administrative remedies with respect to this claim. [R. 19]

**II.**

Before addressing the merits of Daley's motion, the Court notes that, on July 23, 2018, the Court entered an order directing Martin to file a response to Daley's motion within 45 days and specifically warned him that, if he failed to do so, the Court may dismiss his case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant Daley's motion for any reason adequately supported by the record, *see Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). [R. 21] On August 8, 2018, Martin filed a motion requesting that his time for filing a response be extended until December 3, 2018, to allow time for him to be released from custody and seek legal counsel. [R.

22] The Court granted the motion in part, but found that the length of the extension sought by Martin was unreasonable. [R. 24] Thus, the Court directed Martin to file a response to Daley's motion on or before September 27, 2018, again warning him that, if he failed to do so, the Court may dismiss his case for failure to prosecute or grant Daley's motion for any reason adequately supported by the record. [*Id.*]

Martin's extended response deadline has now expired, and Martin has not filed any response or taken any other action in this case. Martin was specifically warned that his failure to file a response may result in the dismissal of his case for failure to prosecute. Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005). Thus, Martin's failure to respond alone would justify dismissal of this action.

Regardless, in the interest of completeness and finality, the Court will also consider the substantive arguments set forth by Daley in his motion for summary judgment.

**III.**

A motion under Rule 56 of the Federal Rules of Civil Procedure challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994). However, if the responding party's allegations are so clearly contradicted by

the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Johnson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USC § 1997e(a). Exhaustion is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."), and applies to any claim that arises out of any aspect of prison life, whether it involves general circumstances or particular episodes, and whether it alleges excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The CCDC's grievance process requires a prisoner to complete a grievance form within 48 hours after the event complained of and give it to any member of prison staff. [R. 19-3, CCDC Grievance Procedures] The grievance is then reviewed by a grievance officer/shift supervisor and valid grievances are responded to within 10 days of receipt. [*Id*.] If no response is received by the prisoner within 10 days, the grievance is deemed denied. [*Id*.] If the prisoner is not satisfied with the initial response to the grievance, the prisoner may appeal, in writing, to the Jailer or the Jailer's designee within 48 hours of the receipt of the initial response. [*Id*.] The Jailer (or his designee) will then response to the appeal within 10 business days. [*Id*.] Again, if there is no response to the appeal, the appeal is deemed denied. [*Id*.] Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...," *Woodford v. Ngo*,

548 U.S. 81, 90 (2006), the prisoner must file the initial grievance and any appeals within these time frames.

Here, Daley has submitted documentation of Martin's grievance history while incarcerated at the CCDC. [R. 19] According to this documentation, Martin has submitted four grievances on the required form during his incarceration, none of which referred to his claim that the caloric value of the food served at the CCDC is inadequate. [R. 19-4, 5, 6, 7] In addition to his four grievances, Martin submitted numerous notes to staff at the CCDC, mostly requesting transfer to another facility, inquiring into the time remaining on his sentence, and/or asking to be reclassified so that he could work inside the jail or on a work release program. [R. 19-8, 9, 10, 11] On December 19, 2017, he submitted such a note that states that he has "contacted the federal courts in regards to filing a law suit on this jail due to being denied my due process, my blood sugar problems, denied being shipped to get classes, my living conditions, and food calorie count on trays are under." [R. 19-11] This is the only reference in any of Martin's submitted grievances or notes related to the adequacy of the food served at the CCDC.

This note is not on the form required by the CCDC's grievance procedures. [R. 19-3] However, even if the Court overlooks this deficiency and construes the note as a formal grievance, pursuant to the CCDC's grievance procedures, Martin was required to appeal the denial of this grievance to the Jailer. [*Id.*] Because Martin did not file a substantive response to Daley's motion, the Court accepts Daley's factual assertions as true. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992). The evidence submitted by Daley (which has not been controverted by Martin) shows that Martin failed to do so. Accordingly, he failed to exhaust his administrative remedies with respect to his food quantity claim. Cf. *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the

highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

Rather than completing the administrative remedy process at the CCDC, Martin filed his complaint in this case on January 4, 2018. [R. 3] However, a prisoner must exhaust his or her administrative remedies, in their entirety, *before* he files suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."). Because Martin failed to exhaust his administrative remedies prior to filing his complaint, Daley's motion will be granted and Martin's complaint will be dismissed.

1. Accordingly, it is **ORDERED** as follows: Daley's Motion for Summary Judgment [R. 19] is **GRANTED**.
2. Martin's Complaint [R. 3] is **DISMISSED WITHOUT PREJUDICE**.
3. Any pending requests for relief are **DENIED AS MOOT**.
4. The Court will enter a judgment contemporaneously with this order.

This 23rd day of October, 2018.



Signed By:
*William O. Bertelsman* WOB
United States District Judge